Argued and submitted June 15, on respondents' motion to dismiss filed May 26, and appellants' response to motion to dismiss filed June 9; motion to dismiss granted, appeal dismissed as moot August 19; petition for review allowed December 10, 2015 (358 Or 449)

EASTERN OREGON MINING ASSOCIATION;
Guy Michael; and Charles Chase,
*Petitioners-Appellants,*

*v.*

DEPARTMENT OF ENVIRONMENTAL QUALITY;
Dick Pederson, in his capacity as Director of
the Department of Environmental Quality; and
Neil Mullane, in his capacity as Administrator of
the Water Quality Division of
the Department of Environmental Quality,
*Respondents-Respondents.*

Marion County Circuit Court
10C24263;

WALDO MINING DISTRICT,
an unincorporated association;
Thomas A. Kitchar; and Donald R. Young,
*Petitioners-Appellants,*

*v.*

DEPARTMENT OF ENVIRONMENTAL QUALITY;
Dick Pederson, in his capacity as Director of
the Department of Environmental Quality; and
Neil Mullane, in his capacity as Administrator of
the Water Quality Division of
the Department of Environmental Quality,
*Respondents-Respondents.*

Marion County Circuit Court
11C19071;

A156161

361 P3d 38

James L. Buchal argued the cause for appellants. With him on the briefs was Murphy & Buchal LLP.

Inge D. Wells, Assistant Attorney-in-Charge, argued the cause for respondents. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

**PER CURIAM**

We consider whether this appeal—which concerns a now-expired permit—is justiciable under ORS 14.175. We conclude that it is not and dismiss the appeal as moot.

Petitioners Eastern Oregon Mining Association, Waldo Mining District, and four individual miners are involved in small-scale suction-dredge mining for gold and other minerals in Oregon waterways. In 2010, respondent Department of Environmental Quality (DEQ) adopted by order in an other than contested case a general permit for suction-dredge mining. In two consolidated cases, one brought in 2010 and the other brought in 2011, petitioners sought judicial review of the 2010 permit in the Marion County Circuit Court. A third case was brought by parties with environmental protection interests against DEQ and its director and was also consolidated with those now on appeal, but those parties settled. After considering cross-motions for summary judgment, the circuit court entered a judgment in respondent's favor at the beginning of 2014, and petitioners appealed.

We denied petitioners' motion for an expedited appeal in March 2014. The 2010 permit then expired on December 31, 2014. By the time of oral argument in June 2015, DEQ had issued another permit, effective May 15, 2015 to January 1, 2020, that covers the same activities as the 2010 permit. Accordingly, DEQ and the other respondents have moved to dismiss this appeal on the ground that, with the expiration of the challenged permit, the matter is now moot.

Petitioners acknowledge that they have yet to challenge the 2015 permit. They argue that we should decide this appeal because (1) the 2015 permit presents the same significant legal issues as the 2010 permit that they challenge on appeal and (2) those issues are likely to evade judicial review.

After oral argument in this case, the Supreme Court decided *Couey v. Atkins*, 357 Or 460, 355 P3d 866 (2015), and held that the legislature had authority to enact ORS

14.175. In relevant part, ORS 14.175 provides that a court "may" issue a judgment

"on the validity of the challenged act * * * though the specific act * * * giving rise to the action no longer has a practical effect on the party if the court determines that:

"(1) The party had standing to commence the action;

"(2) The act challenged by the party is capable of repetition * * *; and

"(3) * * * [S]imilar acts, are likely to evade judicial review in the future."

Here, the third factor is disputed. Respondents argue that petitioners are positioned to efficiently challenge the 2015 permit in the circuit court and to seek relief in a case that is not moot. We agree that a challenge to the 2015 permit is not likely to evade judicial review. The permit recently went into effect, and, assuming they are correct that the main issues to be raised with respect to the 2015 permit are identical to those regarding the 2010 permit, petitioners can easily use their work in challenging the 2010 permit to challenge the 2015 permit in the circuit court in more streamlined litigation.

Motion to dismiss granted; appeal dismissed as moot.